

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Defense Section*  *Telephone (202) 514-2617*
*P.O. Box 7611*  *Facsimile (202) 514-8865*
*Washington, DC 20004*  *Stephanie.talbert@usdoj.gov*

October 1, 2013

<u>VIA ELECTRONIC FILING</u>
Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

> RE: Citation of Supplemental Authority After Briefing in *Sierra Club, et al. v. EPA, et al.*, and *El Pueblo Para El Aire Y Agua Limpio v. EPA, et al.*, Consolidated Case Nos. 11-73342 and 11-73356 (9th Cir.).

Dear Ms. Dwyer:

Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, I write to inform the Court of two pertinent and significant Ninth Circuit decisions issued after briefing in the above-referenced consolidated matters. The decisions are *Resisting Environmental Destruction on Indigenous Lands ("REDOIL"), et al. v. EPA*, 716 F.3d 1155 (9th Cir. Dec. 26, 2012), and *Alaska Wilderness League, et al. v. EPA*, __ F.3d __ , 2013 U.S. App. LEXIS 16938 (9th Cir. Aug. 15, 2013) (Smith, J.). In those cases, the Court held that EPA's authority to promulgate regulations and grant air permits exercised "'through a formal process that included . . . public notice and comment . . . and a reasoned [Environmental Appeals Board ("EAB")] decision upholding the air permits'" was entitled to deference under *Chevron U.S.A. Inc. v. NRDC*, 467 U.S. 837 (1984). *Alaska Wilderness League*, 2013 U.S. App. LEXIS at *9-10 (quoting *REDOIL*, 716 F.3d at 1161). Petitioners have argued that EPA's interpretation of its authority to grandfather the air permit issued to Avenal Power Center from certain requirements is not entitled to deference because the interpretation was not the product of formal rulemaking, Pet'r Br. 16-17; Pet'r Reply 2-4, while EPA has

argued that its interpretation is entitled to deference in part because it was the product of a "deliberative permitting proceeding that included notice and comment . . . ." Resp't Br. 19-29. Accordingly, the recently-decided cases are relevant to one of the issues raised by the above-referenced briefs.

                                      Very Respectfully,

                                        */s/ Stephanie J. Talbert*
                                        Stephanie J. Talbert
                                        Counsel for Respondents

cc (via ECF Notification): Counsel of Record.

## CERTIFICATE OF SERVICE

      I hereby certify that I served a copy of Respondents' Citation of Supplemental Authority via Notice of Docket Activity by the Court's CM/ECF system, on October 1, 2013, on counsel of record.

                                        */s/ Stephanie J. Talbert*
                                        Stephanie J. Talbert
                                        Counsel for Respondents